**William SLOAN, Plaintiff–Appellant,**

v.

**COMMONWEALTH OF KENTUCKY, Defendant–Appellee.**

No. 00–6682.

United States Court of Appeals, Sixth Circuit.

June 19, 2001.

Before MARTIN, Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

William Sloan appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Sloan sued the Commonwealth of Kentucky, alleging that the state courts improperly denied his post-conviction motion. The district court determined that Sloan's complaint failed to state a claim and dismissed the case. The court subsequently denied Sloan's motion to amend the judgment. Sloan has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Sloan's complaint for failure to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

Even if Sloan's factual allegations are accepted as true, they would be insufficient to entitle him to relief. Sloan currently is serving a life sentence without possibility of parole for rape. Sloan was sentenced before the Kentucky rape sentencing statute was amended in 1975 to eliminate the phrase "without parole." Sloan notes that 45 of the 56 men who received the same sentence as he have subsequently had their sentences modified and been released on parole. He argues that his ongoing ineligibility for parole violates his Eighth Amendment, due process, and equal protection rights. Sloan raised these issues in a state post-conviction motion under Ky. R. Civ. P. 60.02. However, the trial court denied his motion without holding a hearing. The Kentucky Court of Appeals affirmed this decision, and the Kentucky Supreme Court denied further review. Sloan argues that the trial court denied him access to the courts by denying his motion without a hearing.

■ To the extent that Sloan seeks review of the state courts' decisions, the federal courts lack jurisdiction to review his claims. Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486–87, 103 S.Ct. 1303; *Patmon*, 224 F.3d at 509–10. A plaintiff's claims are inextricably intertwined with the state court's decision

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon,* 224 F.3d at 509–10; *Catz,* 142 F.3d at 293. In this case, Sloan raised specific challenges to the Kentucky state court decisions, and he even requested that the federal courts issue injunctive relief in those cases. Thus, Sloan's claims are inextricably intertwined with the state judicial rulings:

 To the extent that Sloan seeks to attack the constitutionality of his sentence, his claim is not cognizable under § 1983. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence invalid, unless his sentence has been reversed on direct appeal, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). Sloan's confinement has not been remedied by any of the aforementioned procedures.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.